IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03207-RPM

Meghan Belaski,

      Plaintiff,

v.

Lutheran Social Services of Colorado, d/b/a Lutheran Family Services, Inc.;
and Ryan Gray,

      Defendants.

---

## PROTECTIVE ORDER

---

To adequately protect material entitled to be kept confidential, expedite the flow of

discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY

ORDERED that:

    1.    Documents or information produced or provided by the parties during the course

of discovery in the above-styled matter may be designated as "Confidential Information" so long

as the party who seeks confidentiality has a good faith belief that such document or information

is entitled to confidentiality under the terms of this Order.

    2.    For purposes of this Order, "Confidential Information" means (a) any personnel

or personal information for employees of defendant Lutheran Social Services of Colorado d/b/a

Lutheran Family Services, Inc., ("LFS"), its parent or subsidiaries, including any personnel

database identifying such employees, (b) any document or information designated as confidential

in accordance with paragraph 6 of this Order, (c) any aggregation of Confidential Information,

and (d) any personal financial or medical information of Plaintiff Meghan Belaski or her family. The identification of an individual document or category of documents or information as Confidential Information under paragraphs 2(b) or 2(c) may be challenged pursuant to paragraph 10 of this Order.

3.     For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4.     For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5.     For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6.     A. One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action must first have the documents or information reviewed by a lawyer who will certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under FED. R. CIV. P. 26(c)(7), and who in good faith believes such documents or information contains: (i) non-public information about a past, present or potential employee of LFS, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, (ii) trade secrets or other non-public proprietary, strategic or commercial

information, data or research of LFS or one or more of its subsidiaries, or (iii) the personal

financial or medical information of Plaintiff or Plaintiff's family.

B. To designate Confidential Information on Documents, the Producing Party

shall place a legend or stamp upon the Document indicating such in a way that brings the

designation to the attention of a reasonable examiner, or otherwise puts the Recipient on

reasonable notice that it contains Confidential Information. To designate Confidential

Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make

an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up

until twenty (20) days after receipt of the transcript.

7.     The Recipient of Confidential Information shall use that information solely in

connection with this litigation, and shall not disclose Confidential Information to any person

except:

> a)     named plaintiff;
>
> b)     the Court and its officers (including court reporters);
>
> c)     counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;
>
> d)     LFS's counsel;
>
> e)     experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;
>
> f)     fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order;
>
> g)     vendors that provide services associated with litigation, discovery, trial preparation, or document management.

8.      The Recipient of Confidential Information shall disclose such information to

persons set forth in paragraph 7(f), of this Order only under the conditions set forth below:

> a)      Prior to disclosure of Confidential Information to persons described in paragraph 7(f), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

> b)      Any person who receives Confidential Information pursuant to paragraph 7(f), shall execute an Agreement in the form annexed hereto as Exhibit A.  Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

> c)      The Recipient who discloses Confidential Information pursuant to paragraph 7(f), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

9.      A party may object to the designation of particular CONFIDENTIAL information

by giving written notice to the party designating the disputed information.  The written notice

shall identify the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion requesting that the court determine whether the disputed information should be subject to

the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall

be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on

the motion.  If the designating party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be

treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a

motion filed under this provision, the party designating the information as CONFIDENTIAL

shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.    Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11.    All information designated as Confidential Information shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude LFS from pursuing legal or other business action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law.  No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

12.    Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information.  Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

13.    Confidential Information shall not be filed in the public record of this litigation in unredacted form.  Any Confidential Information that is filed with the Court, shall be filed under restriction Level 1, as described in D.C.COLO.LCivR 7.2(b).  If documents containing

Confidential Information are filed as unrestricted, all information previously designated as

Confidential Information shall be redacted from the document, and an unredacted version of the

document shall be filed under restriction Level 1.

    14.    The restrictions set forth in this Order shall not apply to:

    a)    information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;

    b)    LFS (or any subsidiaries), with respect to its own information or information received or created during the normal course of its own business;

    c)    Plaintiff, with respect to her own information or information received or created by Plaintiff.

Whether information that becomes a matter of public record in any other manner may

still be subject to protection as confidential shall be determined according to the standards and

procedures set forth in paragraphs 2 through 10 of this Order.  The owner of Confidential

Information shall be able to seek protection of that information in accordance with paragraph 6

of this Order even if it did not produce that information in discovery.

15.     Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege.  Further, inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

16.     Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds.  Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

17.     In the event plaintiff or her counsel obtain information of LFS's (or its subsidiaries) from a third party that LFS believes is confidential, LFS may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order, unless otherwise ordered by the Court.  Similarly, in the event that LFS or its counsel obtain information of Plaintiff's from a third party that Plaintiff believes is confidential, Plaintiff may designate such information as Confidential Information, and it shall be treated as such under this Order, unless otherwise ordered by the Court,

18.     If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the

Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

      19.    The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

This Order is hereby entered this *16*day of June, 2014:

_____
Honorable Richard P. Matsch, District Court Judge

EXHIBIT A

AGREEMENT CONCERNING INFORMATION COVERED BY A
PROTECTIVE ORDER ENTERED IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLORADO


The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in *Belaski v. Lutheran Social Services of Colorado*, Civil Action No. 13-cv-03207-RPM, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing its terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.


Dated: _____, 2014



By: _____



_____
(Type or print name of individual)



Of: _____
         Name of Employer